UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAIMEE WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 24-995 |
| BRANDON MITCHELL, ET AL. | SECTION: "P" (4) |

## ORDER AND REASONS

*Pro se* Plaintiff Jaimee Williams instituted this lawsuit against Defendants Brandon Mitchell and Lakefront Management Authority,[1] alleging Defendants are liable to her pursuant to 42 U.S.C. § 1983 for violations of her "every civil right."[2] Having carefully considered the allegations in Plaintiff's Complaint, the Court finds it necessary to dismiss Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons explained herein.

## I. BACKGROUND

Plaintiff alleges Brandon Mitchell "is a gang member from illuminati" who uses aircraft and airlines operating out of the Lakefront Airport "to take peoples [sic] free will away from them . . . while doing black magic."[3] According to the Complaint, Mitchell has put Plaintiff under demonic possession causing her to do things she cannot remember but has seen or heard about from her security cameras or from others.[4] She further alleges that Mitchell and others use aircraft stored at the Lakefront Airport to fly over her residence and surveil her without her consent, which she alleges caused her to be evicted from her previous residence.[5] Mitchell and others also

---

[1] Plaintiff names "Lakefront" as a defendant in this lawsuit. The allegations in the Complaint refer to the "airport," which the Court infers is a reference to the New Orleans Lakefront Airport based on other information provided in the Complaint. *See* R. Doc. 1 at 2 (naming "Lakefront" and providing an e-mail address with a "lakefrontairport" domain). The New Orleans Lakefront Airport is owned by the Orleans Levee District and managed by the Lakefront Management Authority. *See* R. Doc. 13; *see also* LA. REV. STAT. § 38:307; *id.* at § 38:330.12.1.
[2] R. Doc. 1.
[3] *Id.* at 3–4.
[4] *Id.* at 4.
[5] *Id.*

allegedly use the aircraft to conduct cloud seeding above Plaintiff's residence.[6] According to Plaintiff, this cloud seeding creates large, dark clouds with a strong, negative aura over Plaintiff and her residence, leaving her feeling like a hostage in her own home.[7] She also alleges Mitchell and others conduct witchcraft from the aircraft and that they have destroyed nine of her security cameras by shining the aircraft's bright lights into the security cameras' lenses.[8]

Plaintiff further alleges Mitchell has made fake claims against her that have resulted in her being placed in a mental institution on three separate occasions.[9] In addition, Mitchell has recorded her without her consent, posted the videos on social media, and gotten paid for the videos "going viral."[10] She further alleges that Mitchell has defamed her character and ruined her relationship with others by telling people that Plaintiff is a "physcho path [sic]."[11] Plaintiff seeks "about or around" $25,000 in monetary damages for her emotional distress, physical strain on her body from being possessed, costs of moving residences, and costs to replace her nine security cameras.[12]

## II.   LEGAL STANDARD

The Court previously granted Plaintiff's request to proceed *in forma pauperis* ("IFP") in this action.[13] Because she is proceeding IFP, Plaintiff's claims are "subject to screening" under 28 U.S.C. § 1915(e)(2).[14] This statute provides for the *sua sponte* dismissal of an IFP proceeding if the Court determines the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such

---

[6] *Id.*
[7] *Id.* at 4–5.
[8] *Id.* at 3, 5.
[9] *Id.* at 5.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] R. Doc. 3.
[14] *Weaver v. Smith*, No. CV 22-3747, 2024 WL 3551041, at *3 (E.D. La. Mar. 15, 2024).

relief.[15] Although a district court generally must give notice to a plaintiff prior to *sua sponte* dismissing her case, the court need not give notice if the dismissal is without prejudice, or if the plaintiff has alleged her "best case."[16]

### III.   LAW AND ANALYSIS

To state a claim under Section 1983, a plaintiff must allege "(1) deprivation of a right, privilege or immunity secured by the federal laws or Constitution (2) *by one acting under color of state law.*"[17] Plaintiff's Complaint is devoid of any allegation upon which the Court could infer that Brandon Mitchell was operating under color of state law. At most, Plaintiff alleges that the airport allowed "many others that frequently use the airport to store their aircraft there, as well as commercial airlines," to violate plaintiff's "civil rights, privacy, and free will" and to harass her and inflict harm and danger upon her "by cloud seeding and doing witchcraft from their aircraft" and that Mitchell was one of the pilots the airport "allow[ed] to do these things."[18] Thus, the Court can infer that Mitchell was a pilot of a private or commercial plane that used the Lakefront Airport. Plaintiff also alleges that Mitchell was a "gang member from illuminati."[19] Even construing Plaintiff's *pro se* Complaint liberally, the Court cannot find that any of these allegations show that Mitchell was acting under color of state law. Accordingly, Plaintiff has failed to state a cognizable Section 1983 claim against Mitchell.

Plaintiff likewise fails to state a cognizable Section 1983 claim against the Lakefront Management Authority.[20] Although a local government unit, like the Lakefront Management

---

[15] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).
[16] *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016).
[17] *Ayo v. Simoneaux*, No. 08-963, 2008 WL 2944874, at *5 (E.D. La. July 31, 2008) (quoting *Miss. Women's Med. Clinic v. McMillan*, 866 F.2d 788, 791 (5th Cir. 1989)).
[18] R. Doc. 1 at 3.
[19] *Id.* at 4.
[20] The Court construes Plaintiff's claims against "Lakefront" to be against the Lakefront Management Authority, the political subdivision that manages the New Orleans Lakefront Airport. *See* LA. REV. STAT. § 38:330.12.1.

Authority, is a "person" suable under Section 1983,[21] a plaintiff cannot recover against a local government unit under Section 1983 unless the deprivation or violation of rights occurred as a result of the execution of some official policy or custom of the governmental entity.[22]  In other words, a local government unit is not liable under Section 1983 for isolated acts by its employees that result in constitutional violations; instead, the act must be attributable to the local government unit itself, which requires that the act be done pursuant to the governmental entity's policy or custom.[23]  This is known as a *Monell* claim.

To state a *Monell* claim, a plaintiff must plead facts that plausibly establish (1) a policymaker; (2) an official policy or custom; and (3) a violation of constitutional rights whose "moving force" is the policy or custom.[24]  The policy prong "includes the decisions of a government's law-makers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."[25]  "To proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'"[26]  Here, the most specific factual allegations in Plaintiff's Complaint pertaining to the airport (i.e., the Lakefront Management Authority) merely allege "the airport is/has been using the power they have as an airport" to violate Plaintiff's "every civil right" by cloud seeding and doing witchcraft from aircraft

---

[21] *See generally Wright v. City of Harahan*, No. 19-13529, 2020 WL 815289, at *5 (E.D. La. Feb. 19, 2020).  Under Louisiana law, the Lakefront Management Authority is classified as a "political subdivision."  LA. REV. STAT. § 38:330.12.1. And a "political subdivision" is defined as "[a]ny parish, municipality, special district, school board, sheriff, public board, institution, department, commission, district, corporation, agency, *authority*, or an agency or subdivision of any of these, and other public or governmental body of any kind *which is not a state agency*." *Id.* at § 13:5102(B) (emphasis added).
[22] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91, 695 (1978).
[23] *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).
[24] *Id.*
[25] *Peña v. City of Rio Grande City*, 879 F.3d 613, 621–22 (5th Cir. 2018) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)).
[26] *Id.* at 622 (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)).

and that the airport also allows others who frequently use the airport to violate her civil rights in the same way.[27] These allegations are insufficient to state a Section 1983 claim against "Lakefront" because there are no specific facts establishing (1) any official policy or custom, or (2) that the unidentified official policy or custom was the "moving force" behind any alleged violation of Plaintiff's constitutional rights.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds Plaintiff has failed to state a claim on which relief may be granted.  Accordingly,

**IT IS ORDERED** that Plaintiff's case is hereby **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

New Orleans, Louisiana, this 7th day of October 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[27] R. Doc. 1 at 3.